UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 29 2025 ★

LONG ISLAND OFFICE

Orville Spencer
12 Jarvin Road
Port Jefferson, New York 11776
    Plaintiff,

V.

JPMORGAN CHASE & CO.
383 Madison Avenue
New York, NY 10179
    Defendant,

COMPLAINT

JURY TRIAL DEMANDED

**CV 25 2465**

CASE NO.  **Brown, J.**

**Shields, MJ.**

## INTRODUCTION

1. This lawsuit is filed by Orville Spencer (referred to as "Plaintiff"), an individual consumer, against JPMORGAN CHASE & CO. ("Defendant") for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. The Plaintiff seeks legal relief for inaccurate, misleading, false, and erroneous credit reporting, which constitutes a violation of the FCRA. Through this civil action, Plaintiff aims to hold Defendant accountable for unlawful credit reporting practices and to seek actual, punitive, and statutory damages.

2. Congress has recognized that the integrity of the banking system relies on fair and accurate credit reporting. When credit reports contain inaccuracies, they undermine public confidence and reduce the efficiency of the financial system. Unfair credit reporting practices can erode trust in financial institutions, which is crucial for the stability of the banking industry. To address these concerns, Congress enacted the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., with the goal of ensuring accurate and fair credit reporting, improving the efficiency of financial operations, and safeguarding consumer privacy.

3. The FCRA establishes a structured set of safeguards designed to protect consumers from the potential harm caused by inaccurate credit reporting. By implementing these protections, the FCRA minimizes the risks associated with false or misleading credit information. Congress

REC'D IN PRO SE OFFICE
APR 29 '25 AM 11:46

Page 1 of 8

RECEIVED
APR 29 2025
EDNY PRO SE OFFICE

through the FCRA, sought to balance the financial industry's need for reliable credit data with consumers' rights to accurate and fair reporting.

## JURISDICTION AND VENUE

4. The court has jurisdiction under 15 U.S.C § 1681p, and 28 U.S.C§ 1331. The venue in this Eastern District is proper as Defendant transacts business in New York, and Plaintiff lives in the Eastern District of New York.

## PARTIES

5. The plaintiff is a natural person residing in the Eastern District of New York. Plaintiff is a consumer "Individual" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c).

6. The defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

7. Upon information and belief, Defendant's principal place of business is 383 Madison Avenue, New York, New York 10179.

## FACTS OF THE COMPLAINT

8. On or around August 21, 2018, Plaintiff incurred financial obligations for an alleged credit card with Defendant in the amount of $4,500 from a transaction in which money, property, insurance, or service, which are the subject of the transaction, are primarily for personal, family, and household purposes.

9. On or around January 28, 2025, while reviewing his credit report from TransUnion, Plaintiff discovered multiple inaccuracies, including false payment history information. Upon identifying these errors, Plaintiff promptly disputed the inaccurate and incomplete information with the TransUnion credit reporting agency mentioned above, "Plaintiff's dispute letter was clear and specific, identifying the exact data points that were inaccurate and incomplete, and providing sufficient detail for the furnisher and credit reporting agencies to conduct a reasonable investigation.

10. The defendant inaccurately reported that the account was closed on February 21, 2019. However, the account was actually closed and charged off on November 29, 2019, as confirmed by Ana, a customer service representative of JP Morgan Chase & Co. (ID No. R616966), during a telephone conversation on January 28, 2025, at approximately 4:19 PM Eastern Time. **(See Exhibit A)**

11. The defendant inaccurately reported the account as 30 days late in March 2019. According to the billing statement, a payment of $127 was due on March 11, 2019. The plaintiff made a payment of $210 on March 16, 2019, just five days after the due date, and in an amount exceeding the minimum payment required. Despite this, the defendant reported the account as 30 days delinquent for the month of March 2019. This reporting is factually inaccurate and violates the standard of "maximum possible accuracy" required under the Fair Credit Reporting Act (FCRA). A payment made five days after the due date cannot lawfully be characterized as 30 days late. According to widely accepted credit industry standards, including the Metro 2 reporting format used by major credit reporting agencies, a 30-day late payment mark is appropriate only when a payment is 30 or more days past the due date. Defendant's misreporting of delinquency data overstated the severity of Plaintiff's payment history and created a materially misleading credit profile. **(See Exhibit A, B & B1)**

12 In addition to reporting inaccurate information, the defendant also failed to report complete and accurate payment history details. Specifically, the balances, amounts paid, and scheduled payments are missing from the account's payment history section for the period spanning from the account's opening date to its closure. This constitutes an omission of material information that is necessary for a full and fair representation of the account's performance over time. **(See Exhibit A)**

13. Further, April 2019 is inaccurately reported as "current" despite the fact that no payment was made. Given that the last payment was made on March 16, 2019.

14. The defendant inaccurately reported the delinquency status of the account from May 2019 through November 2019, resulting in a materially misleading representation of the plaintiff's payment history. The payment history inaccurately reflects the severity of delinquency. Although the last payment was made on March 16, 2019, the account was reported as only 30 days late in June 2019 when it should have been 60 days late. Each subsequent month was similarly underreported by 30 days, with July reported as 60 days late instead of 90, August as 90 instead of 120, and September and October both inaccurately listed as 120 days late, despite the account being 150 days delinquent by that time and lastly, November 2019 is incorrectly reported as 120 days late when the account should have been marked as charged off, consistent with standard reporting practices for severely delinquent and written-off accounts. These inaccuracies reflect a pattern of erroneous reporting that violates the requirement under the FCRA, 15 U.S.C. § 1681s-2, for furnishers to report information with the maximum possible accuracy. By systematically understating the degree of delinquency, the defendant not only misrepresented the true status of the account but also undermined the integrity of the consumer's credit file. Additionally, the failure to report the charge-off in November 2019 conceals the full extent of the account's default, further misleading potential creditors and impairing the plaintiff's ability to evaluate or dispute the data effectively.

15. The defendant further failed to mark the account as disputed despite being notified of the plaintiff's dispute, and the dispute remained unresolved.

16. Upon information and belief, TransUnion forwarded notice of the plaintiff's dispute, along with all relevant information included in the FCRA dispute letter, to the defendant within five (5) business days of receiving the dispute, as required by the Fair Credit Reporting Act, Despite receiving such notice, the defendant failed to conduct a reasonable investigation, failed to correct inaccurate and incomplete information, and continued to report the disputed account data without marking it as disputed or rectifying the identified errors, in violation of 15 U.S.C. § 1681s-2(b).

17. On or around February 10, 2025, the plaintiff received dispute results from TransUnion, indicating that the defendant had verified the previously disputed information as accurate. However, the information verified by the defendant remained inaccurate and incomplete, including but not limited to erroneous delinquency dates, incorrect account closure date, misreported payment history, failure to report the account as disputed, and omission of a proper charge-off designation.

18. The defendant's verification of this inaccurate and incomplete information, despite being provided with all relevant documentation and having a duty to conduct a reasonable investigation, constitutes a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). This failure caused continued harm to the plaintiff by allowing materially misleading and damaging information to remain on the plaintiff's credit report.

19. Following the expiration of the thirty (30) day investigation period prescribed by the Fair Credit Reporting Act (FCRA), the defendant failed to delete or modify the inaccurate information as required under 15 U.S.C § 1681s-2(b). Despite receiving the dispute and having an obligation to conduct a reasonable investigation, the defendant continued to report incomplete and inaccurate payment history, including erroneous delinquency notations, missing payment details, and incorrect account status. As of the date of this filing, the payment history remains materially inaccurate and incomplete, in direct violation of the FCRA.

20. Upon information and belief, the defendant either failed to conduct any investigation whatsoever or conducted an unreasonably cursory and inadequate investigation, in violation of its obligations under 15 U.S.C. § 1681s-2(b). As a result, the defendant erroneously verified the inaccurate and incomplete account information as accurate despite clear discrepancies and the plaintiff's submission of supporting documentation. This failure to conduct a reasonable investigation perpetuated the reporting of false information and caused continued harm to the plaintiff.

21. The defendant neglected to review all relevant information provided by the plaintiff in support of the plaintiff's disputes, as required under 15 U.S.C. § 1681s-2(b). This failure to consider the submitted documentation constitutes a violation of the FCRA, which mandates that furnishers of information conduct a reasonable investigation by reviewing all relevant data provided by the consumer reporting agency. The defendant's disregard of this obligation contributed to the continued reporting of inaccurate and incomplete information, thereby causing ongoing harm to the plaintiff.

22. Upon receipt of the plaintiff's disputes, the defendant failed to conduct an investigation or reinvestigation regarding the disputed information, as required by 15 U.S.C. § 1681s-2(b). Instead of fulfilling its statutory duty to investigate and correct any inaccuracies or incomplete data, the defendant allowed the disputed information to remain on the plaintiff's credit file without modification. This failure constitutes a direct violation of the FCRA and resulted in the continued publication of false and misleading credit information, to the plaintiff's detriment.

23. Had the defendant undertaken a diligent and reasonable investigation, the account in question would have reflected accurate balances, correctly recorded payments, and precise account details. A proper investigation would have resulted in a clear, truthful, and complete credit report, in compliance with the defendant's obligations under the Fair Credit Reporting Act.

24. The defendant's negligence in conducting a thorough and reasonable investigation not only constituted a breach of its statutory duty but also resulted in its failure to correct and update the plaintiff's information, as mandated by 15 U.S.C. § 1681s-2(b). This willful or negligent disregard for its legal obligations has led to the continued reporting of inaccurate and incomplete information on the plaintiff's credit file. Such conduct is a clear and ongoing violation of the Fair Credit Reporting Act and has caused harm to the plaintiff, including reputational damage, diminished creditworthiness, and interference with the ability to obtain credit or favorable terms.

25. The plaintiff has a congressionally defined right, under the Fair Credit Reporting Act, to have consumer reporting agencies (CRAs) maintain only accurate and complete information in their credit files. This right ensures that all reported data and communications concerning the plaintiff's credit are free from misrepresentations, inaccuracies, and omissions. The FCRA was enacted, in part, to protect consumers like the plaintiff from the harm caused by the dissemination of false or misleading credit information.

26. Among other things, the Fair Credit Reporting Act imposes a duty on furnishers of credit information to provide accurate information about their customers to credit reporting agencies. As recognized by the Sixth Circuit, "the FCRA imposes a duty on furnishers of credit information to provide accurate information about their customers" to consumer reporting agencies. Chandler v. Peoples Bank & Tr. Co. of Hazard, 769 F. App'x 242, 247–48 (6th Cir. 2019). This duty underscores the importance of accuracy in the credit reporting system and reinforces the plaintiff's right to be free from the harmful consequences of erroneous or incomplete credit information.

27. The defendant's persistent reporting of inaccurate, misleading, and derogatory information was not merely negligent. It was willful. The defendant made a conscious decision to continue reporting false information despite being aware of its inaccuracy and having received notice of the error through the plaintiff's dispute(s) and supporting documentation. This knowing and intentional disregard of the truth constitutes a willful violation of the Fair Credit Reporting Act. As a result, the plaintiff is entitled to statutory damages under 15 U.S.C. § 1681n, in addition to any actual damages, punitive damages, and costs, as provided by law.

## PLAINTIFF'S DAMAGES

28. As a direct and proximate result of the defendant's persistent inaccuracies, misleading statements, and derogatory reporting, the plaintiff has suffered significant actual damages. These damages include, but are not limited to: multiple credit denials that have impaired the plaintiff's ability to secure loans and financial opportunities; substantial out-of-pocket expenses and lost time incurred in disputing the erroneous information; a measurable decline in the plaintiff's creditworthiness and credit score; and considerable emotional distress, humiliation, anxiety, and frustration resulting from the financial uncertainty and ongoing burden caused by the defendant's continued noncompliance with the Fair Credit Reporting Act.

29. The Plaintiff's creditworthiness has been adversely affected, leading to significant emotional distress, torment, time wasted, and mental anguish as a direct result of the Defendant's actions outlined herein. Additionally, Plaintiff has incurred out-of-pocket expenses related to credit repair services, experienced credit denials, and sought private counsel in an effort to dispute Defendant's conduct. These circumstances have also led to the assignation of character, feelings of humiliation and embarrassment for the Plaintiff.

## Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b).

30. The plaintiff reincorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

31. The Defendant is found to have violated 15 U.S.C § 1681s-2(b) by willfully failing to adhere to all requirements established for furnishers of information, as specified in 15 U.S.C. § 1681s-2(b).

32. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information from Plaintiff's file. This failure persisted despite the fact that the Defendant conducted an investigation into the disputed information. Defendant had a statutory duty to verify the accuracy of the data in Plaintiff's file and take corrective action when discrepancies were identified. However, their inaction allowed erroneous information to remain

in the Plaintiff's credit file. Furthermore, Defendant failed to fulfill its duty under 15 U.S.C. § 1681s-2(b) by neglecting to thoroughly review all relevant information related to Plaintiff's account. This inadequate investigation breached the obligations set forth in the statute.

33. Defendant violated 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act (FCRA) by willfully neglecting to thoroughly review all pertinent information related to the Plaintiff's account. Had the Defendant thoroughly verified the information as required by the FCRA, they would have recognized that the information was inaccurate. This failure to conduct a proper investigation undermined the obligations established under the statute.

34. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

35. The defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

36. The defendant's conduct exhibits a willful disregard for accuracy, as it had clear knowledge of the inaccuracies reported. Despite receiving Fair Credit Reporting Act (FCRA) dispute notices from TransUnion, the defendant continued to report the accounts inaccurately.

37. The defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to mark the account as disputed with TransUnion despite receiving notice of the plaintiff's dispute and while the matter remained unresolved. This omission constitutes a clear violation of the FCRA, which requires that furnishers report information that is not only factually accurate but also complete and not misleading. By failing to indicate that the account was in dispute, the defendant materially misrepresented the status of the account, thereby misleading users of the plaintiff's credit report and compounding the harm caused by its inaccurate reporting.

38. Defendant exhibited a profound disregard for Plaintiff's rights and displayed an unjustifiably high level of risk to Plaintiff by failing to conduct a comprehensive and thorough investigation into the FCRA disputes. This neglect has persisted up to the present time, as Defendant has not taken the necessary actions to correct the inaccuracies.

39. The aforementioned actions and omissions represent multiple willful, reckless, or negligent violations of the FCRA, specifically citing each provision of the FCRA, 15 U.S.C § 1681, et seq.

40. As a direct consequence of every willful violation of the Fair Credit Reporting Act (FCRA), the Plaintiff is unequivocally entitled to restoration. This includes actual damages determined by the court under 15 U.S.C. § 1681n(a)(1), statutory damages as specified in 15 U.S.C. § 1681n(a)(1), and punitive damages that the Court may rightfully grant under 15 U.S.C. § 1681n(a)(2).

41. As a result of each and every negligent noncompliance of the FCRA, the Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1);.

## DEMAND FOR JURY AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded damages and restoration from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Any other relief that this Court deems just and proper.

Dated __4/24__, 2025

Respectfully submitted,

*O Spencer*

Orville Spencer
12 Jarvin Road
Port Jefferson NY 11776
Email: Orvillespencer298@gmail.com



FROM:
Orville Spencer
12 Jarvin Rd
Port Jefferson Station, NY
11776

TO:
United States District Court for
The New York Eastern District Clerks
Office
100 Federal Plaza
Central Islip, NY
11722

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 29 2025 ★
LONG ISLAND OFFICE